# United States District Court, Northern District of Illinois

ИНК

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0184 | **DATE** | 1-18-2011 |
| **CASE TITLE** | HSBC Bank USA vs. Calvin Buffington (#19588-424) | | |

**DOCKET ENTRY TEXT:**

The defendant's motion to proceed *in forma pauperis* [#3] is denied, without prejudice. The defendant is directed to: (1) submit a renewed i.f.p. petition that is certified by a trust fund officer; he must also attach copies of his prison trust fund ledgers showing his income for the six months preceding the filing of this action [that is, from July 11, 2010, through January 11, 2011]; and (2) show good cause in writing why this case should not be remanded to state court. Failure to comply with these directives within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary remand of this case. The Clerk is directed to provide the defendant with a blank i.f.p. petition along with a copy of this order. The defendant is reminded that he must provide the court with the original plus a judge's copy of every document filed. The plaintiff (HSBC Bank) is likewise granted thirty days in which to submit a memorandum of law in support of remand, should the plaintiff so desire.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

The defendant, a *pro se* federal prisoner, has removed a state forfeiture action to this court purportedly pursuant to 28 U.S.C. § 1441.

The Clerk has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(e) even though it was not submitted in compliance with the rules of this court. An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. To enable the court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In the case at bar, the defendant's i.f.p. petition is not certified, and the defendant has failed to include copies of his prison trust fund ledgers.

In short, if the defendant wants to proceed with this suit in federal court, he must submit a certified i.f.p. petition, along with copies of trust fund ledgers showing his income for the six months preceding the filing of **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

this lawsuit [that is, from September 9, 2010, through March 9, 2010]. The Clerk will provide the defendant with a blank i.f.p. application.

In addition, the defendant is ordered to show good cause in writing why the case should not be remanded to state court. First, only a defendant can seek removal. *See* 28 U.S.C. § 1441(a); *Turner v. Jackson Park Hosp.*, 314 Fed. Appx. 879, 880 (unpublished, 7th Cir. Mar. 10, 2009), *citing Chi., R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954) (*inter alia*). In this case, the documents the defendant has submitted do not reflect that he is a party to this suit at all, let alone a defendant.

More importantly, the court discerns no basis for federal subject matter jurisdiction, as also required by 28 U.S.C. § 1441(a). The bank is suing for foreclosure pursuant to state statute; this case does not appear to be one for which "the district courts of the United States have original jurisdiction." *Id.*

For the foregoing reasons, the defendant's motion to proceed *in forma pauperis* is denied, without prejudice. The defendant is directed to: (1) submit a renewed i.f.p. petition that is certified by a trust fund officer; he must also attach copies of his prison trust fund ledgers showing his income for the six months preceding the filing of the notice of removal; and (2) show good cause in writing why this case should not be remanded to state court. Failure to comply with these directives within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk is directed to provide the defendant with a blank i.f.p. petition along with a copy of this order. The defendant is reminded that he must provide the court with the original plus a judge's copy of every document filed.

The plaintiff (HSBC Bank) is likewise granted thirty days in which to submit a memorandum of law in support of remand, should the plaintiff so desire.