Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0184 | **DATE** | 3-3-2011 |
| **CASE TITLE** | HSBC Bank USA vs. Calvin Buffington (#19588-424) | | |

**DOCKET ENTRY TEXT:**

The defendant's renewed motion for leave to file *in forma pauperis* [#6] is granted. However, the case remains closed. The defendant is nevertheless obligated to pay the statutory filing fee. The trust fund officer at the defendant's place of confinement is authorized and ordered to make deductions from the defendant's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Metropolitan Correctional Center.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

The defendant, a *pro se* federal prisoner, removed a state forfeiture action to this court purportedly pursuant to 28 U.S.C. § 1441. By Minute Order of February 25, 2011, the court summarily remanded the case to the Cook County Circuit Court pursuant to 28 U.S.C. § 1447(c).

The defendant has belatedly filed an application to proceed *in forma pauperis*, as previously directed, and responded to the court's order to show cause. *See* Minute Order of January 18, 2011. The court finds that the defendant is unable to prepay the filing fee. Accordingly, the defendant's motion to proceed *in forma pauperis* is granted. The defendant is assessed an initial partial filing fee of $20.00 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the defendant's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the defendant's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the defendant's place of confinement is directed to collect monthly payments from the defendant's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the defendant. All payments shall be sent to the Clerk, United States District Court, 219 S. **(CONTINUED)**

mjm

Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the defendant's name and this case number.

However, the court remains satisfied that this case was properly remanded to the state court system. Although the defendant has submitted evidence showing that he is a party to this suit, the court still discerns no basis for federal subject matter jurisdiction, as required by 28 U.S.C. § 1441(a). The bank is suing for foreclosure pursuant to state statute; this case is not an action over which "the district courts of the United States have original jurisdiction." *Id.* The defendant asserts a denial of due process and other constitutional claims, but those arguments are insufficient to convert the underlying case itself into a federal action. The defendant may raise all of those claims in state court.

As an additional obstacle to removal, the notice of removal appears to be untimely. A notice of removal must be made within thirty days of receipt of the initial pleading. *See* 28 U.S.C. § 1446(b). Attached to the defendant's "Memorandum Brief" is a copy of a motion to quash service that was filed in state court. The motion was filed in May 2010, six months before the defendant filed a notice of removal.

For the foregoing reasons, the case remains closed. The court concludes that this suit was properly remanded to state court. In removing the case to federal court, the defendant nevertheless incurred "an irrevocable obligation" to pay the civil filing fee. *See, e.g., Newlin v. Helman*, 123 F.3d 429, 433 (7th Cir. 1997), overruled on other grounds by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).